IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES R. HICKS,

Defendant.                                                            No. 11-cr-30207-DRH

## MEMORANDUN & ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendant Charles R. Hicks' fourth motion in limine (Doc. 61). Defendant asks that the Court bar the government from making any comment or argument, eliciting any testimony, and/or introducing any exhibits at all related to the purposed physical and/or mental abuse committed by defendant against T.H., the alleged victim of Count I of the superseding indictment.

Defendant notes that T.H. provided sworn testimony at defendant's detention hearing before Magistrate Judge Donald G. Wilkerson on November 18, 2011, where she alleged that defendant both physically and mentally abused her. Defendant argues T.H. testified in ways that "do not concern the present charges." Defendant argues evidence of the alleged physical and mental abuse committed by defendant against T.H. does not carry any probative value regarding the facts of

consequence of this case and could be exceedingly prejudicial and thus should be barred.

In response, the government states that with respect to *physical* abuse, it agrees not to present evidence of defendant's alleged physical abuse of T.H. in its case-in-chief. However, with respect to *mental* abuse, the government notes that it intends to present such evidence in support of Count I, as it must prove that defendant persuaded, induced, enticed, or coerced T.H. into engaging in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. *See* 18 U.S.C. § 2251(a). The government argues evidence regarding the alleged control defendant exercised over T.H., as well as methods he used to convince her to engage in the photographs and/or videos at issue is relevant to this count. For example, the government states that T.H. would testify that she sometimes allowed defendant to photograph her engaged in sexually explicit conduct because she was afraid to confront him about the photos and/or defendant would threaten to cheat on her if she did not so engage. Thus, the government argues such evidence would demonstrate defendant's use of persuasion, enticement, or coercion on T.H. to have her to engage in sexually explicit conduct so that defendant could film or take a photograph of such conduct.

Based on the government's assertions and reasoning, the Court finds that defendant's alleged mental abuse of T.H. may be relevant to Count I. *See* Fed. R. Evid. 401. Further, at this juncture, the Court holds the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice. *See*

Fed. R. Evid. 403. Thus, the Court **GRANTS in part** defendant's fourth motion in limine, as the government is barred from making any comment or argument, eliciting any testimony, and/or introducing any exhibits related to purported physical abuse committed by defendant against T.H. However, defendant's motion is **DENIED in part,** as the Court will not at this juncture bar evidence of alleged mental abuse defendant inflicted upon T.H. (Doc. 61).

**IT IS SO ORDERED.**

Signed this 28th day of February, 2013.

Digitally signed by David R. Herndon
Date: 2013.02.28 08:54:07 -06'00'

**Chief Judge
United States District Court**